**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| BRENT RICHARDSON, et al., | CASE NO. 1:24-cv-638 |
| Plaintiffs, | JUDGE DAVID A. RUIZ |
| vs. | **PLAINTIFFS' MOTION FOR REASSIGNMENT UNDER LOCAL CIVIL RULE 3.1(b)(3)** |
| EVEREST NATIONAL INSURANCE COMPANY, et al., | |
| Defendants. | |

Pursuant to Local Civil Rule 3.1(b)(3), plaintiffs Brent Richardson and Christopher Richardson (the "Richardsons") move that this insurance coverage action be reassigned to Judge Daniel Polster, who is currently handling a related Receivership case for Dream Center Educational Holdings, LLC. ("DCEH"), styled *Digital Media Solutions, LLC v. South University of Ohio, LLC, et al.*, Case No. 1:19-cv-0145 (the "Receivership Action"). Judge Polster specifically ordered that all Property of DCEH be placed under the control of the Court's appointed Receiver and under the "exclusive jurisdiction" of Judge Polster. *See* Exhibit A at p. 6 ("the Books and Records and the Property are hereby placed in *custodia legis* and are subject to the exclusive jurisdiction of this Court"). The DCEH insurance policies subject to the Receivership order are the same policies at issue in this coverage lawsuit. Having both this matter and the Receivership Action be assigned to Judge Polster will facilitate resolution of both matters, will avoid potential inconsistent rulings, and will otherwise promote the orderly administration of the respective proceedings.

I.    <u>BACKGROUND</u>

The Receivership Action was brought by a creditor of DCEH following DCEH's acquisition of several financially struggling university systems. Ultimately, DCEH could not

save the universities, and they went into a receivership before Judge Polster as part of the *Digital Media* lawsuit cited above.  The court-appointed Receiver subsequently asserted a variety of claims against DCEH's former officers – including the Richardsons – alleging (among other things) failure of the officers to ensure the accuracy of certain financial information provided to secured lenders, failure to oversee payment of credit balances to students in connection with student loans, and failure to properly oversee employee health care plans.

DCEH purchased a $60 million tower of management liability insurance policies to insure itself and the Richardsons.  The primary policy was provided by National Union Fire Insurance Company ("AIG"), and each of the defendants in this action issued "follow form" excess policies (the "Excess Policies").  While AIG (which is not a defendant in this action) accepted liability for the Receiver's claims against the Richardsons, pursuant to a reservation of rights, the defendant insurers have refused to acknowledge coverage for the Receiver's claims against the Richardsons, giving rise to this lawsuit.

## II.     THIS ACTION SHOULD BE REASSIGNED TO JUDGE POLSTER

While Local Civil Rule 3.1 provides for random assignment of civil cases, "a case may be reassigned as related to an earlier assigned case with the concurrence of both the transferee and the transferor Judicial Officers."  LCR 3.1(B)(3).  Here, Judge Polster's assertion of jurisdiction over the relevant policies, as well as the connection between the Receivership Action and the insurance issues presented in the instant lawsuit, warrant reassignment to Judge Polster.

Judge Polster's "Amended Order Appointing Receiver" in the Receivership Action asserts that Court's "exclusive jurisdiction" over the Excess Policies as Property of the Receivership Estate.  Given this, issues surrounding interpretation of the Excess Policies and the defendant insurers' obligations to the Richardsons thereunder should be adjudicated before Judge Polster.

Indeed, questions surrounding the applicability of defendants' Excess Policies to the Receiver's claims against the Richardsons have (and continue to) thwart resolution of the Receivership Action. Timely and efficient resolution of the coverage issues presented by the instant action will directly facilitate resolution of the related Receivership Action by clarifying whether insurance proceeds are available to satisfy the Receiver's claims against the Richardsons. In fact, recognizing this point, in June 2023 Judge Polster directed the defendant insurers to participate in an in-person settlement conference in the Receivership Action, and to submit position papers "explaining any issues, which have kept the parties from resolving their claims."). *See Digital Media Solutions, Inc.*, Doc. 791.

In short, both the insurance policies and the issues in dispute in this coverage action directly implicate the Receivership Action. Coordination between the related lawsuits is necessary for the fair and efficient resolution of both matters, auguring in favor of reassignment of this matter to Judge Polster.

### III. CONCLUSION

Accordingly, for the reasons set forth above, plaintiffs respectfully request reassignment of this action to Judge Polster.

Dated: May 23, 2024

Respectfully submitted,

*/s/ Stephen R. Mysliwiec*
Stephen R. Mysliwiec *(pro hac vice)*
Tab R. Turano *(pro hac vice)*
Natalie Seales *(pro hac vice)*
MILLER FRIEL, PLLC
2445 M Street, N.W., Ste 910
Washington, DC 20037
(202) 760-3159
mysliwiecs@millerfriel.com
turanot@millerfriel.com
sealesn@millerfriel.com

                */s/ Robert Rutter*
                Robert P. Rutter (0021907)
                Robert A. Rutter (0081503)
                RUTTER & RUSSIN, LLC
                One Summit Office Park, Suite 650
                4700 Rockside Road
                Cleveland, Ohio 44131
                (216) 642-1425
                brutter@OhioInsuranceLawyer.com
                bobbyrutter@OhioInsuranceLawyer.com

                *Attorneys for Plaintiffs Brent Richardson and Christopher Richardson*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2024, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

                */s/Tab Turano*
                Tab R. Turano